USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 5 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SILITA SADHU,

                      Plaintiff,

       -v-

THE FEDERAL RESERVE BANK OF
NEW YORK et al.,

                      Defendants.
------------------------------------------------------------X

14 Civ. 198 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

On January 10, 2014, plaintiff filed a complaint alleging wrongful termination, failure to promote equally, hostile workplace, invasion of privacy/slander, harassment, and obstruction/violation of attorney/client privileges in violation of 12 U.S.C. § 1831j. (See ECF No. 1 at 2.) On January 24, 2014, the Court instructed plaintiff to file an amended complaint remedying the inadequacies in her complaint. Specifically, the Court ordered plaintiff to provide detailed facts and specific evidence demonstrating that (1) plaintiff provided information to a federal banking agency and (2) defendants discharged or discriminated against her because she provided such information, as required by § 1831j. (ECF No. 3.)

Plaintiff filed an amended complaint on January 28, 2014. (ECF No. 4.) However, the amended complaint fails to remedy the inadequacies of her original complaint. For the following reasons, plaintiff's complaint is therefore dismissed sua sponte.

12 U.S.C. § 1831j protects employees of insured depository institutions from retaliation for cooperation with investigations. See Faiman v. Ridgewood Sav. Bank, No. 12 Civ. 5003 (VB), 2013 WL 3305785, at *2 (S.D.N.Y. May 31, 2013). Under the statute, "[n]o insured depository institution may discharge or otherwise discriminate against any employee . . . because the employee . . . provided information to any Federal Banking agency or to the Attorney General regarding . . . a possible violation of any law or regulation . . . by the depository institution or any director, officer, of employee of the institution." 12 U.S.C. § 1831j(a)(1). Thus, to state a claim under § 1831j, a plaintiff must—at the very least—allege that she provided information to a Federal Banking agency, as defined by the statute, or to the Attorney General. See Faiman, 2013 WL 3305785, at *2.

This Court has the authority to dismiss a complaint sua sponte where a plaintiff presents no arguably meritorious issue. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam); Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (per curiam). The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants . . . reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks omitted). However, even a pro se complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see Fuentes v. Tilles, 376 F. App'x 91, 92 (2d. Cir. 2010).

In her amended complaint, plaintiff, allegedly a former employee of the Federal Reserve Bank of New York (the "Bank"), still fails to plead any facts or provide any evidence whatsoever showing that she meets the requirements of the statute. In addition to her previous allegations, plaintiff now alleges that employees of the Bank "conduct[ed] an ethics investigation into the invasion of [her] privacy," that the Bank terminated her "violating their whistleblower policy," and that the Bank has been "blocking [her] job search." (Am. Compl. 3.) Plaintiff also provides emails in which she states, inter alia, "the Fed wrongfully terminated [me] in retaliation for the ethics investigation into the invasion of my privacy." (Am. Compl. 5.)

However, the statute requires that plaintiff demonstrate that defendants discharged her "because [she] provided information to any Federal Banking agency or to the Attorney General regarding . . . a possible violation of any law or regulation." See 12 U.S.C. § 1831j(a)(1). Neither the original complaint nor the amended complaint alleges that "she provided information to any outside entity, much less a Federal Banking agency as defined by the statute." Faiman, 2013 WL 3305785, at *3 (emphasis added). The "investigation" to which plaintiff refers is not an investigation by an agency or by an Attorney General, as required by the statute, but rather an alleged "investigation into the invasion of [plaintiff's] privacy." (Am. Compl. 3.) Plaintiff alleges no other federal claims.

Accordingly, plaintiff's complaint is DISMISSED without prejudice. See Fitzgerald, 221 F.3d at 363–64. The Clerk of Court shall terminate this action.

SO ORDERED.

Dated:   New York, New York
         March 5, 2014

_____
KATHERINE B. FORREST
United States District Judge

CC:
Silita Sadhu
247-11 135th Road
Rosedale, NY 11422
PRO SE